### In re FARLEY, State Commissioner of Excise.

(Supreme Court, Special Term, Albany County. October 20, 1911.)

INTOXICATING LIQUORS (§ 108*)—LIQUOR TAX CERTIFICATES—REVOCATION—GROUNDS.

> The holder of a liquor tax certificate *held* not to have permitted a means of entrance between the saloon and a gambling room on another floor of the same building, in violation of Liquor Tax Law (Consol. Laws 1909, c. 34) § 30, subd. "e."
>
> [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116–118; Dec. Dig. § 108.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition by William W. Farley, State Commissioner of Excise, for the revocation of a liquor tax certificate issued to Andrew P. Kennah. Petition denied.

Louis M. King, for petitioner.
Peter A. Delaney, for respondent.

RUDD, J. The petition shows the issuance on September 15, 1910, of a liquor tax certificate, permitting Andrew P. Kennah to traffic in liquors at No. 23 Steuben street, Albany. The petition asks for a revocation of the certificate, for the reason that the certificate holder violated subdivision "e" of section 30 of the liquor tax law (Consol. Laws 1909, c. 34), in that he suffered and permitted to exist an opening and means of entrance and passageway for persons and things between the room and place where traffic in liquors was carried on and another room or place where gambling was suffered and permitted. The petition specifies certain dates when the illegal acts are alleged to have taken place. There is little in dispute as to the facts upon which the application is based.

The case is different from the Fisher Case, 131 N. Y. Supp. 113, of which disposition has been made, for the reason that here the contention of the petitioner is based, and must be based, entirely upon the physical conditions which existed. Concerning these conditions there is practically no dispute. The certificated premises consist of the ground or first floor of premises located on the north side of Steuben street, Albany. The building is two stories in height. On the easterly side of the building is a hallway, with an entrance directly from the street. In this hall is a flight of stairs leading to the floor above. In the rear of the hall, and beyond the foot of the flight of stairs, is a kitchen used by the certificate holder. Across the flight of stairs, and about five or six steps from the bottom, is a door in which is what is called a "peep hole." On the second floor of the building, at the head of the flight of stairs, was a gambling room. There is an entrance from the street on the westerly side of the building directly into the certificated premises, or barroom. The bar extends almost the entire depth of the room along the westerly side. At the north end of the barroom is a doorway leading into a sitting room, in which sitting room there is partitioned off a coatroom. From the sitting room a doorway leads into the toilet room, which toilet room is partitioned off of the north end of the hallway, and there is no entrance into the toilet room from the hallway. There is a doorway leading from the barroom, or certificated premises, on the east side thereof, into the hall and near the foot of the flight of stairs leading to the second floor.

There is no dispute as to the fact that the gambling room did exist on the second floor of the property. It also appears that the second floor was leased to W. J. Schermerhorn, and used and occupied by him; that the certificate holder, Kennah, had no interest in the use or occupation of the room leased to Schermerhorn. The petitioner relies entirely, in asking for a revocation of the license, upon the fact that there existed the door on the easterly side of the certificated prem-

ises leading into the hallway in which the flight of stairs was, which went to the floor above. There is no proof that the certificate holder had any connection with the gambling room above; no evidence that liquors were sent from the barroom and served in the gambling room.

When the special agents of the excise department visited the premises on the occasion made the basis for the allegations in the petition herein, they found a man on the upper or inside of the door across the stairs, watching at the peep hole, and the man demanded of the special agents their names, or information as to whom they knew, if anybody. The agents gave the name of a man, which apparently they assumed would be sufficient to admit them, and the man on guard refused to admit them, making the remark that there was nothing doing. Later in the evening of the same day the special agents found the door unlocked across the staircase, and, passing through, went into the gambling room. From the saloon, or certificated premises, patrons could go out of the doorway, which is in question here, into the hall, thence directly into Steuben street, and thus apparently, to the people on the outside, not come from the saloon. Entrance could be had by patrons of the saloon, who desired to go into the saloon, through a door which apparently did not lead directly into the saloon.

Kennah, the certificate holder, leased the entire building. Schermerhorn had been in occupation of the rooms on the second floor before Kennah leased the property. He continued there as tenant, paying to Kennah rent. The door across the stairway was there when the certificate holder leased the premises. He did not have a key to it. Mr. Schermerhorn had the key. The front door of the hall leading out onto Steuben street, on the ground floor, was left open. Access could be had to the floor above from the street without going into the certificated premises. Articles of food cooked in the kitchen in the rear of the hallway on the same floor with the saloon, and beyond the stairway, were and could only be taken into the saloon through the hall and the doorway leading from the hall into the saloon.

No proof supplements the physical situation, which alone is not sufficient under the law to sustain the petition. There is no evidence in the case to show that there existed between the certificate holder such a relation, through his business, or otherwise, by which it can be held that he was guilty of a violation of the law under which this application is made. It does not appear that he suffered or permitted, by the existence of the doorway which led from the certificated premises into the hall, an entrance or a passageway between his saloon and the gambling room. The case is easily to be distinguished, it seems, from the Fisher Case, and the situation, as it was, cannot, it seems to me, under the law, be construed to be a violation of the particular section of the law which is sought by the petitioner to be invoked.

The petition is therefore denied. An order may be entered denying the petition for the revocation of the license, with costs.