In re FARLEY, State Commissioner of Excise.

(Supreme Court, Special Term, Albany County.   October 20, 1911.)

1. INTOXICATING LIQUORS (§ 106*)—LIQUOR TAX CERTIFICATES—REVOCATION—GROUNDS.

A holder of a liquor tax certificate, who sold liquor on Sunday in violation of law, and who maintained a screen shutting off the view of the bar in violation of law, was guilty of misconduct justifying revocation of the certificate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113–116;  Dec. Dig. § 106.*]

2. INTOXICATING LIQUORS (§ 108*)—LIQUOR TAX CERTIFICATES—REVOCATION—GROUNDS.

Evidence *held* insufficient to show that a certificate holder had violated Liquor Tax Law (Consol. Laws 1909, c. 34) § 30, subd. "e," by permitting an entrance between rooms where traffic in liquors was carried on and a room where gambling was carried on.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116–118;  Dec. Dig. § 108.*]

Petition by William W. Farley, State Commissioner of Excise, for the revocation of a liquor tax certificate issued to Thomas H. Hogan. Certificate revoked.

Louis M. King, for petitioner.
William E. Woollard, for respondent.

RUDD, J.   The petition shows the issuance of a liquor tax certificate permitting Thomas H. Hogan to traffic in liquors at No. 560 Broadway, Albany, for one year, commencing October 1, 1910.   The petition asks for a revocation of the certificate for the reason that the certificate holder "did wrongfully and unlawfully suffer, permit, and did have an opening, or means of entrance, or a passageway for persons or things between the room and place where the traffic in liquors was carried on and other rooms and places where gambling was suffered and permitted."   The petition also seeks a revocation of the certificate for the reason that the certificate holder sold, in violation of the law, liquors on Sunday, June 4, 1911, and on the same day unlawfully kept and maintained screens or blinds, or a partition, which obstructed and prevented a person from having a full view, from the sidewalk, of the bar and room where liquors were sold.   The petition specifies certain dates when the illegal acts were alleged to have taken place.

[1]   There is no dispute as to the fact that on Sunday, June 4, 1911, the certificate holder sold liquors in violation of the law.   The evidence also shows that a screen was maintained, shutting off the view of the bar and of the barroom, in violation of the law.   Because of the illegal sale of liquor on Sunday, and the maintenance of the screen, the certificate must be revoked.

[2]   The respondent contends that there has been no violation by him of subdivision "e," § 30, of the liquor tax law (Consol. Laws 1909, c. 34), which makes it illegal for a certificate holder "to suffer, per-

mit, or have any opening or means of entrance or passageway for persons or things between the room or place where the traffic in liquors is carried on, and any other room or place where any person whosoever suffers or permits gambling." On this phase of the case the same question arises practically as arose in the Kennah Case, 131 N. Y. Supp. 117.

There is little or no dispute as to the physical conditions which existed. The certificated premises, No. 560 Broadway, Albany, extend from Broadway, westerly through to James street. The principal entrance is upon Broadway. To the left of the entrance is a cigar case. A few feet westerly of the entrance swinging doors open into a long room, which extends through to James street. Upon the left of the room, near to the swinging doors, is the bar. Further beyond is a lunch table, and on the north side of the bar there are tables and settees, and also one space between the lunch table and the coatroom on the south side of the room is given up to table and settees. These different portions of the large room are divided by partitions, some of which do not extend to the ceiling.

At the James street end of this long room there is an entrance through double doors directly from James street. To the right of this entrance from James street is a door opening into a room which is partitioned off, marked "B" upon the diagram, in which is a door at the foot of a flight of stairs leading to the second floor. At the head of these stairs on the second floor is a gambling room. The certificated premises are rented by the certificate holder from the owner of the property under a lease. The second floor of the building was leased June 5, 1911, by the owner of the property, to Charles C. Efler, to be used only for a billiard room. The second floor of the property had formerly been rented to the Eastern Telegraph Company, to be used only for a telegraph office. Under the proof, at the time specified in the petition, the room upon the second floor was used for gambling. In the lease covering the second story the premises are described with entrance from James street.

The petitioner alleges a violation of subdivision "e," § 30, of the liquor tax law, because of the existence of the doors, making the entrance from James street, thence into the room marked "B," thence to the flight of stairs leading to the second floor. The proof shows that the second floor, as above stated, could only be reached through the doors in question; that it was leased by the owner of the building with that provision; that the predecessor of the present certificate holder was unfriendly with the tenant then occupying the second floor, and at one time changed the lock upon the door from James street, and locked it against the tenant occupying the floor above. The landlord compelled the lock to be changed, and the tenant on the first floor was obliged to give control of the entrance from James street to the tenant above.

The testimony of one witness connected with the E. De L. Palmer Real Estate Agency, having charge of the building as renting agents, shows that the only entrance to the upper story was through doors numbered 1 on the diagram, and that that condition had existed for

10 or 15 years, and in fact it was shown by the evidence that the same condition has existed for over 30 years. The tenant of the second floor had possession of the keys to the doors numbered 2 and 3. The tenant on the first floor never had the keys to these doors.

The business of the two tenants seems to be entirely distinct. There was no proof that liquors were served from the bar in the gambling room; that there was any connection between the two rooms, by elevator or dumb-waiter, or otherwise; and the evidence falls short of showing such a physical condition to have existed there as makes it possible under the law to find that the certificate holder permitted or suffered an entrance or passageway to exist between the saloon proper and the gambling room. Upon this allegation of the petition the motion for an order revoking the license is denied. The license, however, as above stated, should be revoked because of the violation of the law by the holder.

An order may be entered denying the motion of the petitioner for a revocation of the license because of a violation of subdivision "e" of section 30 of the liquor tax law, but granting the petition for a revocation of the certificate because of the violation on the part of the certificate holder in selling liquors on Sunday, and in the maintenance of a screen, with costs to the petitioner.